## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AUSTIN BRAY,<br>Individually And On Behalf Of<br>All Others,<br>    Plaintiff,<br><br>vs.<br><br>J3 ENTERPRISES, LLC,<br>d/b/a TWO MEN AND A TRUCK,<br>Registered Agent:<br>C T Corporation System<br>208 SO LaSalle Street, Ste. 814<br>Chicago, IL  60604<br><br>    Defendant. | Case No.: 3:24-cv-1270<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Austin Bray, by and through his attorneys, and in the public interest, brings the following Complaint against Defendant, J3 Enterprises, LLC, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third-party entity.

3. Defendant obtained information concerning the Plaintiff from a third-party entity for employment purposes.

4. Defendant obtained information concerning the Plaintiff from a Consumer Reporting Agency (as a Consumer Reporting Agency is defined pursuant to the FCRA).

5. Defendant paid a fee for the information it obtained concerning the Plaintiff.

6. The information obtained concerning the Plaintiff was a Consumer Report (as a

Consumer Report is defined pursuant to the FCRA).

7. Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

8. Defendant relies on information in Consumer Reports, in whole or in part, as a basis for adverse employment actions, such as a refusal to hire and/or termination.

9. Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available.

## PARTIES

10. Plaintiff is a resident of Glen Carbon, Illinois.

11. Defendant is a foreign company formed under the laws of Illinois and doing business in Illinois and through the United States.

## JURISDICTION AND VENUE

12. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Illinois, applied to work for Defendant in Illinois, and his claims arise, in substantial part, in Illinois. Defendant regularly conducts business in Illinois and is subject to personal jurisdiction in this district.

14. Plaintiff desires the trial to be held in the District Court of Illinois at East St. Louis, Illinois.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

16. Plaintiff applied online to work for the Defendant in or about December 2023.

17. Plaintiff received a phone call from Defendant telling him he passed the background check and to come in for an interview at the Collinsville, Illinois location.

18. Plaintiff was interview and hired.

19. Plaintiff was sent to the office in St. Peters for training and to complete paperwork.

20. Plaintiff was at the St. Peters location for one week.

21. Plaintiff worked at the Collinsville location for approximately four days.

22. Plaintiff subsequently received a text from the Defendant telling him to come in but not to work.

23. Plaintiff reported in as requested and was told he could no longer work there because of the information in his Consumer Report.

24. Plaintiff has never received a copy of his Consumer Report.

25. Denying the Plaintiff a job because of information in his Consumer Report is an adverse action (as an adverse action is defined pursuant to the FCRA).

26. Plaintiff was not provided with a reasonable amount of time to challenge or address the information in his Consumer Report before the adverse action.

27. The significance of an individual's interest in retaining employment cannot be overstated.

28. Defendant's action deprived the Plaintiff of his right to address the information being used against him.

29. Defendant's violations of the FCRA had downstream consequences including, but not limited to, violations of the Illinois Human Rights Act ("IHRA").

30. Defendant's action deprived the Plaintiff of his rights under the FCRA and IHRA.

31. Defendant's actions deprived the Plaintiff of his livelihood.

32. Defendant's actions threatened the Plaintiff's livelihood.

33. Defendant's actions deprived the Plaintiff of the chance to obtain a benefit.

34. Defendant's actions deprived the Plaintiff of the benefits associated with obtaining the information that was being used against him before any adverse action.

35. Defendant's actions deprived the Plaintiff of the chance to obtain the benefit of reviewing and addressing the Consumer Report prior to the adverse action.

36. Defendant's actions deprived the Plaintiff of the benefits associated with retaining employment.

37. Plaintiff would not have allowed the Defendant access to his personal information if he had known that his personal information would be used in violation of his rights.

38. Plaintiff would not have allowed the Defendant access to his personal information if he had known that his personal information would be used in violation of the FCRA and/or the IHRA.

39. Plaintiff would not have allowed the Defendant access to his personal information if he had known he would not be given a copy of his Consumer Report before any adverse action.

40. Plaintiff would not have allowed the Defendant access to his personal information if he had known that his personal information would be used in an illegal manner.

41. Defendant's actions deprived the Plaintiff of opportunity and other tangible and intangible rights.

42. Plaintiff suffered tangible and intangible injury as a result of the Defendant's

actions.

43. Defendant did not conduct an interactive assessment as required by the IHRA.

44. Defendant has never provided the Plaintiff with a preliminary decision in writing as required by the IHRA.

45. On information and belief, the Defendant is contractually and statutorily bound to provide the Plaintiff with a copy of his Consumer Report before taking any adverse action.

46. On information and belief, the Defendant is a party to contract/agreement that requires them to provide individuals with a copy of their Consumer Report before taking any adverse action based on information in that report.

47. On information and belief, the agreement between the Defendant and the Consumer Reporting Agency requires the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

48. According to 15 U.S.C. §1681b(b)(1), Defendant should have provided the Consumer Reporting Agency with a certification that: they had complied with 15 U.S.C. §1681b(b)(2), would comply with 15 U.S.C. §1681b(b)(3), and would not use Plaintiff's Consumer Report in violation of equal employment opportunity laws or regulations.

49. On information and belief, any 15 U.S.C. §1681b(b)(1) certification provided by the Defendant was false.

50. Defendant's violation of 15 U.S.C. §1681b(b)(3) confused the Plaintiff.

51. Plaintiff believed the Defendant's employment decision was final and there was nothing he could do to change their mind.

52. Defendant is aware of the FCRA and the IHRA.

53. Defendant has knowledge that it must comply with the FCRA and the IHRA.

54. Despite having knowledge of the requirements of the FCRA and IHRA, Defendant failed to comply with either.

55. Defendant's violations of the FCRA and related violations of the IHRA combined with its knowledge of the requirements of both laws is evidence that the Defendant's violations were reckless.

56. The manner in which the Defendant obtained a Consumer Report on the Plaintiff is consistent with its policies and procedures governing the procurement of Consumer Reports on individuals for employment purposes.

## Adverse Action Violations

57. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

58. Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff.

59. Defendant used the information in the Plaintiff's Consumer Report as a basis to take adverse employment action against the Plaintiff.

60. Defendant violated the FCRA by failing to provide Plaintiff with a copy of the Consumer Report before taking adverse action.

61. Defendant violated the FCRA by failing to provide the Plaintiff with a reasonable time to address and/or dispute the information in his Consumer Report.

62. Had Defendant complied with the FCRA, Plaintiff would have been given time to review, dispute and/or address the information contained in the Consumer Report.

63. The Defendant's failure to provide the Plaintiff a copy of the Consumer Report

denied the Plaintiff a meaningful opportunity to address the information contained within the Consumer Report.

64. Being provided a copy of the Consumer Report before the Defendant's adverse action would have helped the Plaintiff understand what information was being used against his.

65. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

66. The foregoing violations were reckless.

67. Defendant acted in deliberate and/or reckless disregard of the FCRA.

68. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

   b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA;

   c. 15 U.S.C. §1681-1681y, addresses the requirement of obtaining and using a Consumer Report; and

   d. Defendant knowingly falsified certification to gain access to the Plaintiff's Consumer Report.

69. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

70. Plaintiff is also entitled to punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

71. Plaintiff is further entitled to costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II
### Certification Violations

72. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

73. Consumer Reporting Agencies are legally prohibited from providing employment related Consumer Reports without first obtaining the certifications required by 15 U.S.C. §1681b(b)(1).

74. According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an individual's Consumer Report until they have certified that they have complied with the mandates of 15 U.S.C. §1681b(b)(2).

75. According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an individual's Consumer Report until they have certified that they will comply with the mandates of 15 U.S.C. §1681b(b)(3) if that section becomes applicable.

76. According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an individual's Consumer Report until they have certified that information from the Consumer Report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation.

77. On information and belief, prior to obtaining a Consumer Report concerning the Plaintiff, the Defendant certified that it had complied with 15 U.S.C. §1681b(b)(2) and would comply with 15 U.S.C§1681b(b)(3) if that section became applicable.

78. On information and belief, prior to obtaining a Consumer Report concerning the Plaintiff, the Defendant also certified that information would not be used in violation of any applicable Federal or State equal opportunity employment law or regulation.

79. Defendant knew that it would not comply with the mandates of 15 U.S.C.

§1681b(b)(1) prior to obtaining a copy of the Plaintiff's Consumer Report.

80. Defendant made false certifications to obtain and use Consumer Reports for employment purposes.

81. The provisions of 15 U.S.C. §1681b(b)(1) are intended to protect the privacy rights of the Plaintiff and to insure that users of Consumer Reports are abiding by the mandates of the FCRA.

82. Plaintiff was injured by the Defendant's practice of obtaining Consumer Reports via false certifications.

83. Absent the Defendant's false certifications, the Defendant would not have gained access to the Plaintiff's Consumer Report.

84. Absent the Defendant's false certifications, the Plaintiff would not have been denied employment.

85. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report if had he known that the Defendant would violate the provisions of the FCRA.

86. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report if had he known that the Defendant was obtaining Consumer Reports in violation of the law.

87. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report had he known that the Defendant employed a policy to take adverse action in violation of the FCRA.

88. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report had he known that the Defendant would deny him the opportunity

to dispute and/or address his Consumer Report before any adverse action.

89. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

90. The foregoing violations were done in reckless disregard of the law.

91. Defendant acted in deliberate or reckless disregard of its FCRA obligations.

92. Defendant's reckless conduct is reflected by, among other things, the following:

   a. Defendant has access to legal advice through outside employment counsel;

   b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   c. Defendant made certifications per 15 U.S.C. §1681b(b)(1) that it purposely violated.

93. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every violation, pursuant to 15 U.S.C. §1681n(a)(1)(A).

94. Plaintiff is also entitled to punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

95. Plaintiff is further entitled to costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. Order finding that Defendant committed multiple, separate violations of the FCRA;

   b. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under of the FCRA;

   c. Order awarding nominal damages, statutory damages, and punitive

    damages as provided the FCRA;

 d. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

 e. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed classes have a right to jury trial.

By: /s/ Jayson A. Watkins  
Jayson A. Watkins IL 61434  
C. Jason Brown IL 49952  
Brown & Watkins LLC  
301 S. US 169 Hwy  
Gower Missouri 64454  
Tel: 816-424-1390  
Fax: 816-424-1337  
brown@brownandwatkins.com  
watkins@brownandwatkins.com  
ATTORNEY FOR PLAINTIFF